UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIE TANG,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 2:25-cv-01850-CCW<br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**<br><br>Honorable Judge Christy Criswell Wiegand |

Defendant identified on Schedule A ("Defendant"), by and through counsel, hereby answers Plaintiff Jie Tang's Complaint (the "Complaint") as follows. Except as expressly admitted herein, Defendant denies each and every allegation, and denies that Plaintiff is entitled to any relief.

## GENERAL RESPONSES

1. Defendant denies each and every allegation in the Complaint except those expressly admitted herein.

2. Defendant denies that Plaintiff is entitled to any relief whatsoever.

## RESPONSES TO NUMBERED PARAGRAPHS OF COMPLAINT

3. Defendant admits only that Plaintiff purports to bring this action; Defendant otherwise denies the allegations in Paragraph 1.

4. Defendant denies that this Court has personal jurisdiction over Defendant.

5. Defendant denies that venue is proper in this District.

6. Defendant denies that Defendant purposefully directed any activity toward

Pennsylvania or the United States sufficient to confer jurisdiction.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis denies them.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis denies them.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis denies them.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis denies them.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies them.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies them.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis denies them.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis denies them.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies them.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis denies them.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis denies them.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis denies them.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and on that basis denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 21, and on that basis denies the allegations.

22. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 22, and on that basis denies the allegations.

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 23, and on that basis denies the allegations.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

## COUNT I
## COPYRIGHT INFRINGEMENT

34. Defendant denies the allegations in Paragraph 34 to the extent it re-alleges any allegations that have already been denied.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36, and on that basis denies them.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

## **PRAYER FOR RELIEF**

To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden not imposed by law, and expressly reserving the right to amend and/or add defenses as discovery proceeds, Defendant asserts the following defenses, each as a separate and independent ground for denial of relief:

### FIRST AFFIRMATIVE DEFENSE
*Failure to State a Claim*

1. The Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
*Lack of Personal Jurisdiction / Improper Venue*

2. This Court lacks personal jurisdiction over Defendant; venue is improper or

inconvenient (including under 28 U.S.C. § 1404(a)).

### THIRD AFFIRMATIVE DEFENSE
*Non-Infringement*

3. Defendant has not infringed, either directly or indirectly, any valid and enforceable trademark or copyrighted work owned by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
*Invalidity*

4. One or more of Plaintiff's asserted trademarks or copyrights are invalid or unenforceable under applicable law.

### FIFTH AFFIRMATIVE DEFENSE
*No Willfulness / Good-Faith Belief of Non-Infringement*

5. Plaintiff cannot meet the standards for willful infringement or enhanced damages.

### SIXTH AFFIRMATIVE DEFENSE
*Limitations on Damage.*

6. Any recovery sought by Plaintiff is barred or limited by the statutory provisions governing damages under the Lanham Act and the Copyright Act, including 15 U.S.C. §§ 1117, 1125, and 17 U.S.C. §§ 504–505.

### SEVENTH AFFIRMATIVE DEFENSE
*No False or Misleading Statement*

7. Plaintiff cannot prove falsity, materiality, deception, injury, or proximate cause under 15 U.S.C. § 1125(a).

### EIGHTH AFFIRMATIVE DEFENSE
*Waiver, Estoppel, Laches*

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or other equitable principles.

### NINTH AFFIRMATIVE DEFENSE

*Failure to Mitigate*

9.     Plaintiff failed to take reasonable steps to mitigate any alleged damages.

### TENTH AFFIRMATIVE DEFENSE
*Reservation of Rights*

10.    Defendant presently lacks sufficient information to assert all possible defenses and reserves the right to amend and assert additional defenses as discovery proceeds.

### COUNTERCLAIMS

Defendant, by and through its undersigned counsel, asserts the following counterclaims against Plaintiff Jie Tang ("Counterclaim Defendant" or "Plaintiff"), and alleges as follows:

### FACTUAL BACKGROUND

Plaintiff Jie Tang is a former employee of Counterclaim Plaintiff Longyan Blue Whale Information Technology Co., Ltd. ("Counterclaim Plaintiff") and is now a direct competitor operating in the same product market.

Following the end of the employment relationship, Plaintiff and Counterclaim Plaintiff became involved in business disputes concerning competing products and commercial interests. Within the past year, those disputes resulted in litigation in China, in which Plaintiff did not prevail.

On December 18, 2025, Plaintiff initiated this action in the United States and sought emergency and ex parte relief, including a temporary restraining order, which resulted in restrictions being placed on Counterclaim Plaintiff's PayPal account and caused immediate disruption to Counterclaim Plaintiff's business operations.

Counterclaim Plaintiff had created, published, advertised, and sold the accused product

designs as early as August 2023, months before Plaintiff obtained any U.S. copyright registration for the images at issue.

Upon information and belief, Plaintiff is using belated copyright registrations and the threat of U.S. litigation not to protect legitimate intellectual property rights, but to retaliate against a former employer and disrupt a competitor's lawful business operations.

## FIRST COUNTERCLAIM
*Tortious Interference with Existing and Prospective Business Relations*
*(Under Pennsylvania Law)*

1. Counterclaim Plaintiff operates a lawful e-commerce business that sells products to customers in the United States, including customers and commercial contacts in Pennsylvania, through online marketplaces and payment processors.

2. Counterclaim Plaintiff has valid and existing contractual and prospective business relationships with, inter alia, (i) customers located in the United States, including Pennsylvania; (ii) online marketplaces; (iii) payment processors, including PayPal; and (iv) shipping and logistics providers that conduct business in or through Pennsylvania.

3. Plaintiff had actual knowledge of these relationships, including that Counterclaim Plaintiff relies on third-party marketplaces and payment processors to conduct U.S. commerce.

4. Plaintiff intentionally and improperly interfered with Counterclaim Plaintiff's U.S. business relations by, among other things: (i) filing the current action without a reasonable factual or legal basis for copyright infringement; (ii) obtaining or seeking ex parte asset restraints, account freezes, and storefront takedowns based on conclusory allegations; (iii) sending notices and legal demands to online marketplaces and payment processors falsely asserting that Counterclaim Plaintiff was engaged in copyright infringement; and (iv) leveraging the threat of prolonged litigation and frozen assets to coerce settlement.

5. Plaintiff's conduct was improper because it was undertaken: (i) without sufficient investigation into the accused products; (ii) without proof of copying or substantial similarity; and (iii) in reckless disregard of Counterclaim Plaintiff's lawful rights. Plaintiff's conduct was not privileged or justified under Pennsylvania law and was undertaken for the improper purpose of disrupting a competitor's business rather than protecting any legitimate intellectual property interest.

6. As a direct and proximate result of Plaintiff's improper interference, Counterclaim Plaintiff has suffered damages, including, among other things: (i) lost sales and profits; (ii) disruption of customer and marketplace relationships; (iii) frozen or restricted funds, including restrictions placed on Counterclaim Plaintiff's PayPal account; (iv) damage to business reputation and goodwill; and (v) increased operational and legal costs.

7. Plaintiff's actions were purposeful, malicious, and in conscious disregard of Counterclaim Plaintiff's rights, entitling Counterclaim Plaintiff to compensatory damages and, where permitted under Pennsylvania law, punitive damages.

## SECOND COUNTERCLAIM
*Declaratory Judgment of Non-Infringement (28 U.S.C. §§ 2201–2202)*

8. Counterclaim Plaintiff repeats and realleges all preceding allegations.

9. An actual, immediate, and justiciable controversy exists between the parties concerning whether Counterclaim Plaintiff's products infringe any valid copyright owned by Plaintiff, because Plaintiff has initiated this action, accused Counterclaim Plaintiff of copyright infringement, and sought emergency and ex parte relief.

10. Plaintiff has accused Counterclaim Plaintiff of copyright infringement and has sought coercive relief, including injunctive relief, asset restraints, and emergency orders, which

have resulted in restrictions being placed on Counterclaim Plaintiff's payment processing accounts and caused immediate harm to Counterclaim Plaintiff's business operations.

11. Counterclaim Plaintiff denies that it has infringed any valid copyright held by Plaintiff.

12. Counterclaim Plaintiff further denies: (i) that Plaintiff owns a valid and enforceable copyright covering the accused products; (ii) that Counterclaim Plaintiff copied any protectable expression; and (iii) that the accused products are substantially similar to any protected elements of Plaintiff's works.

13. Counterclaim Plaintiff's products were independently created and/or do not incorporate protectable elements of Plaintiff's alleged works.

14. A declaratory judgment will serve a useful and practical purpose by: (i) clarifying the parties' legal rights; (ii) resolving the immediate uncertainty created by Plaintiff's infringement accusations and emergency enforcement efforts; (iii) restoring Counterclaim Plaintiff's ability to conduct lawful business operations without the threat of further account restrictions or takedowns; and (iv) preventing Plaintiff from continuing to weaponize copyright accusations against a former employer and competitor.

15. Counterclaim Plaintiff seeks a declaration that it has not infringed, is not infringing, and will not infringe any valid copyright owned by Plaintiff.

WHEREFORE, Defendant respectfully requests that the Court:

1. Dismiss the Complaint in its entirety with prejudice;

2. Enter judgment in favor of Defendant and against Plaintiff on all claims;

3. Award Defendant its costs and such other relief as the Court deems just and proper.

Dated: December 30, 2025

                                        *Marjorie Ouyang*

                                        _____
                                        Marjorie Ouyang
                                        Attorney for Defendant

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT