IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIE TANG,<br><br>    Plaintiff,<br><br> v.<br><br>SCHEDULE A DEFENDANTS**,**<br><br><br>    Defendants. | Civil Case No.: 2:25-cv-01850<br><br><br>**REPLY MEMORANDUM** |

**DISCUSSIONS**

**A. Plaintiff Is Likely to Succeed on the Merits.**

To obtain the requested preliminary injunctive relief, Plaintiff must demonstrate that she "can win on the merits." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). Here, Plaintiff must demonstrate (1) ownership of a valid copyright and (2) that Defendants copied protected material. *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 290 (3d Cir. 1991) (citations omitted).

  **a. Plaintiff's valid copyright ownership is presumed and unrebutted.**

On a motion for preliminary injunction, a court must "determine whether a copyright registration has been successfully rebutted." *Midway Mfg. Co. v. Bandai-Am., Inc.*, 546 F. Supp. 125, 139-40 (D.N.J. 1982) (citation omitted).

Here, Defendants failed to rebut the statutory presumption that Plaintiff's copyright ownership is valid. (ECF No. 21; Exhibit A). Defendants' counsel asserts that Plaintiff is not the true copyright owner (Opp. Page 5) without any evidence whatsoever, let alone "verifiable" or "persuasive evidence." See *Huishan Chen v.*

1

*Adediy* (W.D.Pa. Feb. 26, 2025, Civil Action No. 2:24-cv-1516) 2025 LX 181436).

### b. Defendants copied protected material without authorization.

Direct evidence of copying being rarely available, it may be inferentially proven by demonstrating that someone who had access to a copyrighted work used material substantially similar to the work in a manner that interferes with a copyright owner's rights afforded under 17 U.S.C. § 106. *Ford Motor Co.*, 930 F.2d at 291 (citations omitted).

Since August 2024, Plaintiff has offered for sale apparels bearing the Campbell Stadium and the Beaver stadium designs on such online platforms as FanaticsSport.com. (Suppl. Tang Decl., ¶ 3). Defendants thus had available avenues to access the copyrighted work.

In addition to access, Defendants' designs are also "substantially similar" to Plaintiffs Copyrighted Design. The "fact-intensive inquiry" as proposed by Defendants is unnecessary. To determine whether works are substantially similar, the court "performs a side-by-side comparison of the works and, excluding any unprotectable elements, assess[es] whether the works are substantially similar. *"Tanksley v. Daniels* (3d Cir. 2018) 902 F.3d 165, 174. Here, looking at Plaintiffs' designs and Defendants' designs side by side, they are nearly identical down to number of the pillars supporting the two stadiums shown. (See ECF No. 21; Tang Decl., p 4). There is no question that the works are, at the very least, "substantially similar."

Finally, through Defendants' "promoting, selling, offering for sale and

distributing" of their Accused Products, they have interfered with Plaintiff's exclusive rights afforded to her under 17 U.S.C. § 106 to reproduce and distribute Plaintiff's own design. Thus, Plaintiff has inferentially proven that Defendants copied her protected material to design and subsequently promote their Accused Products.

### c. Defendants' "delay" argument mischaracterizes the facts.

Here, Defendants incorrectly argue that Plaintiff delayed in enforcing her copyright against Defendant for more than a year. As shown on the Copyright Certificate, on December 4, 2023, Plaintiff applied for registration for the Works-at-issue; on March 19, 2024, the Copyright Office granted her registration.

In May 2025, Plaintiff discovered Defendants' infringement activities using an anti-piracy software. To conduct a good faith pre-suit investigation, on May 22, 2025, Plaintiff bought the Accused Products but did not receive them until June 2025. Because Plaintiff resides in China, Plaintiff spent the next months locating U.S. counsel who could file the copyright infringement suit, preparing the pleadings, motion papers, and supporting declarations. Before filing suit, my lawyer also verified that the Accused Products were still for sale. Plaintiff has thus been diligent upon discovering Defendants' infringement activities. (Suppl., Tang Decl., ¶¶ 4-9 and Exhibits A-B.)

### B. Plaintiff Will Suffer Irreparable Harm Absent A Preliminary Injunction.

Here, Plaintiff has met her burden by showing that she will not receive an adequate remedy at law. As previously discussed, Plaintiff's Copyrighted Designs and Defendants' designs are, at the very least, substantially similar. Such similarity causes

market confusion, leading customers to potentially associate their interaction with a product to the wrong manufacturer of that product. Thus, the harm that Chen would be subjected to absent the entering of a preliminary injunction goes beyond just lost profits. The risk of irreparable harm to Chen's reputation, value, and goodwill cannot be adequately remedied at law.

*TD Bank N.A.* is distinguishable. There, the plaintiff did not sell, license, or use the infringed work, but merely argued that the defendant's continuing infringement caused irreparable harm by depriving the plaintiff's "right to not use the copyright." *TD Bank N.A.*, 928 F.3d at 280. The Third Circuit held that neither the prospect of continued infringement nor an abstract "right not to use" the copyright is sufficient to establish irreparable harm. *Id.* Here, Plaintiff is enforcing an abstract "right not to use" her copyright. Rather, Plaintiff enforces the copyright to avoid consumer confusion and the resulting reputation damage to her and her licensees.

**C.  The Balance Of Equities Weighs In Favor Of Granting Injunctive Relief.**
"[T]he more likely the plaintiff is to win, the less heavily need the balance of harms weigh in [its] favor." *Kos Pharms., Inc. v. Andrx Corp.* (3d Cir. 2004) 369 F.3d 700, 729 (citation omitted). Here, the balance of hardships weighs in favor of Plaintiff. As the holder of valid United States copyrights, Plaintiff is granted the *exclusive* rights to reproduce and distribute her work for sale. 17 U.S.C. § 106 (emphasis added). A company establishes itself in the marketplace—through its reputation, value, and

goodwill—on the assumption that it is in sole control of its intellectual property. Thus, a copyright owner loses this control when an alleged infringer enters the marketplace and seeks to reap the benefits of the owner's work for its own gain. Conversely, claiming nothing more than loss of sales from infringing products, Defendants fail to demonstrate that they will be irreparably harmed if enjoined.

### D. The Public Has An Interest In Enjoining Defendants' Allegedly Infringing Activities.

"As a practical matter, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff." *AT&T v. Winback & Conserve Program* (3d Cir. 1994) 42 F.3d 1421, 1427 n.8. Here, to not allow Chen to enforce the protections she was granted upon her registration of valid copyrights would go against the public's interest and run afoul of the core purpose of copyright law. Therefore, the final factor also weighs in favor of granting Chen's requested injunctive relief.

## CONCLUSION

Having produced no evidence and relying solely on conclusory attorney assertions and mischaracterized facts, Defendants failed show that any of the four factors tip in their favor. The preliminary injunction should be granted to stop Defendants' copyright infringement against Plaintiff Copyright Owner.

Date: January 5, 2026                                              Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CBN 279327)

5

1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*Attorneys for Plaintiff*