IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIE TANG,<br><br>               Plaintiff,<br>   v.<br><br>SCHEDULE A DEFENDANTS,<br><br>               Defendants. | Civil Case No.: 2:25-cv-01850-CCW |

### **PLAINTIFF'S STATUS REPORT**

   **A. Summary**

   1. Plaintiff's current offer re: frozen asset is **$142,750**.

Because the minimum statutory damage is $750 per engagement, and Defendant has admitted that they sold at least 57 accused products. The total minimum statutory damage is thus $42,750 (57*$750) The attorney fees estimated to litigate this case is $100,000. Hence, Plaintiff's $142,750 offer.

   2. Defendant's final counter offer is $2,000.

Defendant's offer has no rational relationship to any data, truthful or not, produced in this case so far. Nor has Defendant provided any basis.

   3. Relief Sought

The Court is respectfully requested to enter an asset freeze order of at least $142,750—the only offer that has factual and legal bases.

### B. Plaintiff's Meet And Confer Efforts

Immediately after the January 6, 2026 preliminary injunction hearing, Plaintiff (i) filed her motion for preliminary injection and the proposed order and (ii) reached out to Defendant about a potential agreed-upon amount of assets frozen. Defendant agreed to provide relevant sales records by "tonight."

On January 7, 2026, Plaintiff once again reached out to Defendant. Counsel for Defendant represented that there were some family issues, but the records would be sent to Plaintiff "momentarily."

After the deadline to meet and confer passed, Defendant finally responded with a counteroffer of $2,000. Defendant further claims that links to the accused products showing Plaintiff's copyrighted designs must be maintained to preserve evidence.

Plaintiff's offer re frozen asset was $142,750. Because the minimum statutory damage is $750 per infringement, and Defendant has admitted that they sold at least 57 accused products. The total minimum statutory damage is thus $42,750 (57*$750) The attorney fees estimated to litigate this case is $100,000. Hence, Plaintiff's $142,750 offer.

Plaintiff suggested making the links to the accused private from public view to avoid further infringement. Defendant has refused.

### C. Preliminary Injunction should issue as requested by Plaintiff.

After the January 6, 2026 preliminary injunction hearing, Plaintiff's China IP litigation expert has investigated Defendant's claims that a similar design was available before Plaintiff's copyright registration and that Defendant sold fewer than 50 accused products.

As testified to by China IP litigation expert in his supporting declaration, neither claim is trustworthy. The purported screenshot proffered by Defendant appeared to be doctored using computer software, and the "company representative" appeared to be an IP consultant, rather than an actual employee of the Defendant company. The "company representative" had no actual knowledge of the Defendant company, nor the sales history of the Defendant company.

In sum, the preliminary injunction should issue as requested. Because despite being given numerous opportunities to produce verifiable evidence, Defendant has produced none.

| | |
|---|---|
| Date: January 7, 2026 | Respectfully submitted, |
| | ____/s/ Zheng "Andy" Liu_____<br>Zheng "Andy" Liu (CBN 279327)<br>1660 S Amphlett Blvd Suite 315<br>San Mateo, CA 94402<br>Email: Andy.Liu@AptumLaw.us<br>Phone: 650-475-6289 |
| | *Attorneys for Plaintiff* |