IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIE TANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LONGYAN BLUE WHALE INFORMATION TECHNOLOGY CO. d/b/a Ltd EMILYMA LIMITED, TAPATHER/GIFTY HUBS, NEXTSUSS LIMITED, TAPATHER.COM,<br><br>　　　　Defendants. | 2:25-CV-01850-CCW |

**OPINION**

　　Before the Court is a Motion for Preliminary Injunction by Plaintiff Jie Tang. ECF No. 41. For the reasons set forth below, the Court will grant Plaintiff's Motion.

　　Plaintiff's claims revolve around Defendants' alleged infringement of Plaintiff's copyrighted artwork. ECF No. 1. Plaintiff is the creator of the artwork at issue in this case ("Copyrighted Work") and owner of the copyright for the artwork, Registration No. VAu 1-521-593. *See* ECF No. 21-2. Longyan Blue Whale Information Technology Co., Ltd. and the aliases under which the company operates are collectively referred to as "Defendants" in this case. *See* ECF No. 33 at 6 (Answer filed by Defendants revealing Longyan as the company behind the aliases identified by Plaintiff in ECF No. 23). On December 12, 2025, the Court granted, *inter alia*, Plaintiff's motion for a temporary restraining order pending a show cause hearing as to why a preliminary injunction should not be issued and the Court's preliminary injunction determination. ECF No. 24. The hearing occurred January 6, 2026. *See* ECF No. 43. At the hearing, the only evidence defense counsel sought to show the Court in opposition to the issuance of a preliminary

injunction was a single screenshot, which counsel displayed but did not seek to admit, as well as very limited testimony from a purported company representative regarding the amount of sales of allegedly infringing products for the past three years.[1] Plaintiff rebutted Defendants' evidence, contending Plaintiff's showing was sufficient to merit the Court's issuance of a preliminary injunction.

In analyzing a motion for preliminary injunction, in accordance with Federal Rule of Civil Procedure 65(b) and the Copyright Act, 17 U.S.C. § 502, a movant must show: "(1) a likelihood of success on the merits;  (2) that it will suffer irreparable harm if the injunction is denied;  (3) that granting preliminary relief will not result in even greater harm to the nonmoving party;  and (4) that the public interest favors such relief." *AFG Media Ltd. v. Poptrend-Off.*, No. 2:23-CV-1840, 2023 WL 9023415, at *1 (W.D. Pa. Dec. 29, 2023) (Stickman, J.) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

Here, Plaintiff has shown that she is likely to prevail on her copyright claims at trial. Specifically, Plaintiff has presented evidence demonstrating her ownership, including copyright registration of the Copyrighted Works.  See ECF No. 21-2.  The Third Circuit has held that "[c]opyright infringement is established if the plaintiff proves that it owned the copyrighted material and that the copyrighted material was copied by the defendant." *Ford Motor Co. v.*

---

[1] Plaintiff alleges that Defendants' screenshot shown at the hearing—allegedly demonstrating Defendants' sale of the infringing products prior to Plaintiff's registration of the copyright—was doctored using computer software. *See* ECF No. 44 at 3.  Defendants did not lay any foundation for the screenshot or seek to admit it during the hearing, but asserted that they had additional evidence they would like to submit for the Court's consideration. *See* ECF No. 42. Plaintiff further alleges that the company representative who testified at the hearing was not, despite defense counsel's representations, an employee of Defendants and lacked personal knowledge of the company.  ECF No. 44 at 3. Following the hearing, the Court issued an order providing the parties with an opportunity to file any additional evidence they wished the Court to consider regarding the request for preliminary injunction.  ECF No. 42.  Defendants have not submitted any evidence rebutting Plaintiff's allegations regarding the screenshot or the witness testimony. More generally, notwithstanding the Court's Order to submit evidence for the Court's review in advance of its ruling on preliminary injunction, Defendants have not produced evidence in support of their arguments, apart from a declaration by Zhiyun Jiang listing, without supporting documentation, purported sales figures for the allegedly infringing products from 2023 through 2025.  ECF No. 45.

*Summit Motor Prods., Inc.*, 930 F.2d 277, 290 (3d Cir. 1991). Further, copying "may be inferentially proven" by showing that the defendant had access to the allegedly infringed work and that the infringing work is "substantially similar to the copyrighted work[.]" *Id.* at 291 (quoting *Whelan Assocs., Inc. v. Jaslow Dental Lab'y, Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986)). Plaintiff's copyright registration creates a rebuttable presumption that copyright is valid. *See* ECF No. 21-2 (Copyright Registration of Copyrighted Works, effective December 4, 2023); *Internet Prods. LLC v. LLJ Enters., Inc.*, No. CV1815421RBKAMD, 2020 WL 6883430, at *4 (D.N.J. Nov. 24, 2020) (stating that copyright "registrations raise a rebuttable presumption in the validity of the underlying copyright."). Defendants have failed to produce evidence rebutting this presumption. *See* ECF Nos. 33, 35, 45. Plaintiff has also presented evidence that Defendants are promoting, selling, offering for sale, and distributing works "substantially similar" to the Copyrighted Works through e-commerce stores Tapather.com and GiftyHubs.com, using the store names and seller names identified on Schedule "A" at ECF No. 23. *See* ECF No. 21 at 2–3 (showing side-by-side comparison of Plaintiff's copyrighted work and the alleged infringing work); *see also* ECF No. 21-9 (showing Defendants' web listings of the infringing products). For the foregoing reasons, Plaintiff has sufficiently demonstrated a likelihood of success on the merits.

Plaintiff has sufficiently shown that she will be irreparably injured by the denial of preliminary injunction. *TD Bank N.A. v. Hill*, 928 F.3d 259, 280 (3d Cir. 2019) ("To obtain a permanent injunction, a moving party must show that it will suffer irreparable harm that is causally attributable to the challenged infringement."). Plaintiff has provided evidence demonstrating that Defendants' ongoing sale of the infringing products deprives Plaintiff of visibility online, raising costs of marketing her copyrighted works as well as costs to educate consumers about the original works. ECF No. 21 at 2–3; ECF No. 21-9; ECF No. 21-8 (Declaration of Plaintiff). Plaintiff has

also provided evidence demonstrating that Defendants are diluting the retail market price of the Copyrighted Works by undercutting the price of Plaintiff's original works, thereby harming Plaintiff's competitive advantage over other sellers. *Id.* Thus, there is good cause to believe that the foregoing is likely to result in loss of sales for her genuine works and an irreparable erosion of the legitimate marketplace in which she operates.

The potential harm to Defendants of being prevented from continuing to profit from their activities if a preliminary injunction is issued is outweighed by the potential harm to Plaintiff, her reputation, and her goodwill as an artist, if such relief is not issued. Courts have repeatedly held that an infringing party acts at its own peril and issuing a preliminary injunction is simply requiring the infringing party to cease doing what it had no right to do initially. *See, e.g., Concrete Mach. Co. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 612 (1st Cir. 1988) ("Where the only hardship that the defendant will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense 'merits little equitable consideration.'" (quoting *Helene Curtis Industries v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1333 (7th Cir. 1977))). As such, the Court finds that Plaintiff's hardship outweighs that of Defendants.

The public interest favors issuance of the preliminary injunction in order to protect Plaintiff's interests and protect the public from being injured, deceived, and defrauded by the passing off of Defendants allegedly infringing goods as Plaintiff's genuine art and prints. Under Pennsylvania state law and Rule 64 of the Federal Rules of Civil Procedure, this Court may issue a prejudgment asset restraint where Plaintiff's complaint asserts a claim for money damages. This Court also has the inherent authority to issue a prejudgment asset restraint when Plaintiff's complaint seeks relief in equity. According to the Copyright Act, 17 U.S.C. § 504, Plaintiff seeks, among other relief, that Defendants pay to Plaintiff her actual damages and statutory damages, by

4

reason of Defendants' unlawful acts.  Therefore, this Court has the authority to grant Plaintiff's request for a prejudgment asset freeze to preserve the relief sought by Plaintiff and preserve the Plaintiff's ability to obtain at least partial satisfaction of a judgment.

For all of the above reasons, the Court will grant Plaintiff's Motion for Preliminary Injunction, as further set forth in the attached Order.

DATED this 9th day of January, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record