UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIE TANG, <br><br>              Plaintiff, <br><br> v. <br><br> LONGYAN BLUE WHALE INFORMATION TECHNOLOGY CO., LTD., d/b/a EMILYMA LIMITED, TAPATHER, GIFTY HUBS, NEXTSUSS LIMITED, and TAPATHER.COM, <br><br>              Defendant. | Case No. 2:25-cv-01850-CCW <br><br> **DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 41)** <br><br> Honorable Judge Christy Criswell Wiegand |

      Defendant Longyan Blue Whale Information Technology Co., Ltd., doing business as the entities identified in the caption ("Defendant"), by and through counsel, submits this Supplemental Opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 41) pursuant to the Court's January 6, 2026 Order (ECF No. 42), which invited the submission of additional evidence prior to ruling on preliminary injunctive relief.

      In accordance with the Court's Order, Defendant submits the Supplemental Declaration of Zhiyun Jiang, attached hereto as Attachment A. The supplemental evidentiary record confirms that (1) the accused products were created, published, and first sold in August 2023—long before Plaintiff sought copyright registration or emergency relief; (2) Defendant's sales activity has been minimal and sporadic since that time; (3) the products are not currently available for purchase through Defendant's independent storefronts; and (4) the operational and financial restrictions Plaintiff relies upon stem from independent actions taken by PayPal pursuant to its internal reserve and compliance policies, not from any ongoing infringing conduct.

1
DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Because Plaintiff cannot satisfy the gateway requirements of likelihood of success on the merits and imminent irreparable harm, Plaintiff's Motion for Preliminary Injunction should be denied, and the temporary restraining order ("TRO") should be permitted to expire by its terms.

## I.     INTRODUCTION

A preliminary injunction is an extraordinary remedy reserved for situations in which it is necessary to prevent imminent, irreparable harm. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176–79 (3d Cir. 2017). Absent a showing of ongoing or imminent irreparable harm, preliminary injunctive relief is inappropriate.

The record now before the Court is materially different from the record presented at the ex parte TRO stage. Defendant has appeared and has submitted sworn testimony supported by backend business records from its e-commerce platforms and third-party payment provider. That evidence establishes a dispositive fact: the products identified by Plaintiff are not currently being sold, offered for sale, or made available for purchase through Defendant's independent storefronts. See Attachment A (Jiang Decl.) ¶¶ 13–14.

Because there is no ongoing conduct for a preliminary injunction to restrain, Plaintiff cannot demonstrate imminent irreparable harm. For that reason alone, the Motion for Preliminary Injunction must be denied.

## II.    PROCEDURAL BACKGROUND

On December 12, 2025, the Court entered a temporary restraining order and set an order-to-show-cause hearing regarding a preliminary injunction. (ECF No. 24.) The hearing proceeded on January 6, 2026. (ECF No. 42.)

Following the hearing, the Court directed the parties to meet and confer and ordered the submission of additional evidence for the Court's consideration prior to ruling on the preliminary injunction. (Id.) Plaintiff thereafter filed a status report and declaration. (ECF No. 44.)

Defendant now submits the Supplemental Declaration of Zhiyun Jiang, attached hereto as Attachment A, in accordance with the Court's January 6, 2026 Order. Plaintiff's Motion for Preliminary Injunction is docketed at ECF No. 41.

### III.   SUPPLEMENTAL EVIDENCE CONFIRMS THERE IS NO ONGOING CONDUCT TO ENJOIN

Defendant's supplemental evidence is detailed, documented, and unrebutted.

**A. The Accused Products Were Created, Published, and First Sold in August 2023**

Defendant publicly listed for sale on its Tapather storefront, in August 2023, the Florida State Stadium Crewneck Sweatshirt and the Penn State Stadium Crewneck Sweatshirt that are at issue in this action. Jiang Decl. ¶¶ 3 – 4.

Backend publication records maintained through the Shoplazza e-commerce platform reflect that the Penn State Stadium Crewneck Sweatshirt was published on August 24, 2023, and the Florida State Stadium Crewneck Sweatshirt was published on August 25, 2023. Id. ¶ 6, Ex. A.

Backend order records further confirm that the earliest customer orders for the two products were placed on August 26, 2023 and August 28, 2023, respectively. Id. ¶ 7, Ex. B. These facts establish that the products were publicly listed and sold more than two years before Plaintiff sought emergency injunctive relief in December 2025.

### B. Defendant's Sales Activity Has Been Limited and Sporadic

Defendant's backend records further reflect minimal sales activity over the relevant period. Through the Tapather storefront, the Penn State Stadium Crewneck Sweatshirt was sold a total of twenty-six (26) times from 2023 through 2025, with twenty-four (24) sales occurring in 2023 and only one sale each in 2024 and 2025. Id. ¶ 8, Ex. C.

The Florida State Stadium Crewneck Sweatshirt was sold a total of thirty-one (31) times over the same period, with twenty-nine (29) sales occurring in 2023 and only one sale each in 2024 and 2025. Id. ¶ 9, Ex. D.

With respect to Defendant's GiftyHubs storefront, there were no sales of the Penn State product from 2023 through 2025, and only two (2) sales of the Florida State product in 2025. Id. ¶¶ 10 – 11, Exs. E – F. These figures represent the entirety of Defendant's sales of the identified products. Id. ¶ 12.

### C. The Products Are Not Currently Available for Purchase

Critically, as of the date of the Supplemental Declaration, the accused products have been removed from active listings on both Tapather and GiftyHubs. Jiang Decl. ¶ 13. The products do not appear in search results on either website and cannot be located or purchased by customers through ordinary means. *Id*.

While the product pages have not been deleted for record-keeping purposes, when accessed directly by URL, the pages display a "sold out" status and do not permit purchase. Id. ¶ 14, Exs. G – H.

This evidence establishes that there is no present conduct for a preliminary injunction to restrain.

### D. PayPal Reserve Mechanisms Exist Independently of Any Injunctive Relief

Plaintiff places substantial weight on the status of Defendant's PayPal account in support of its request for preliminary injunctive relief. The supplemental evidentiary record, however, confirms that PayPal's reserve and fund-holding mechanisms are standard features of PayPal business accounts and operate independently of any court-ordered injunction.

Defendant uses PayPal as a third-party payment service provider. PayPal administers merchant accounts pursuant to its own internal compliance, risk-management, and reserve policies, which apply regardless of whether a court has issued a TRO or a preliminary injunction. Jiang Decl. ¶¶ 15–18. Under these policies, PayPal may impose different forms of reserves—including minimum reserves and rolling reserves—that restrict a merchant's ability to withdraw certain funds while the reserve remains in effect.

As reflected in the PayPal account records, USD 71,357.06 of Defendant's account balance is designated as subject to PayPal's reserve requirements and would not be available for withdrawal even under normal account conditions. Jiang Decl. ¶ 19, Ex. I. Of that amount, approximately USD 50,000 constitutes a minimum reserve that must remain frozen unless the PayPal account is formally closed and PayPal approves a release of funds, which itself is subject to a waiting period of up to 180 days. The remaining portion consists of rolling reserves that are held and released on a delayed, rolling basis pursuant to PayPal's internal policies. Id.; Ex. J.

Accordingly, the existence of restricted or unavailable funds in Defendant's PayPal account does not demonstrate ongoing infringement or imminent irreparable harm, nor does it establish any need for preliminary injunctive relief. To the contrary, the evidence shows

that a substantial portion of the funds Plaintiff seeks to restrain would remain unavailable even in the absence of any TRO or preliminary injunction, because those funds are subject to PayPal's independent reserve mechanisms rather than Defendant's control.

## IV. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). The movant must establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent relief; (3) that the balance of equities favors relief; and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In the Third Circuit, the first two factors are gateway requirements. *Reilly*, 858 F.3d at 179. Failure to satisfy either requires denial of injunctive relief. Id. Irreparable harm must be likely and imminent, not speculative, and must be harm that cannot be adequately remedied by damages. *TD Bank N.A. v. Hill*, 928 F.3d 259, 280–82 (3d Cir. 2019).

## V. ARGUMENT

### A. Plaintiff Has Not Shown a Likelihood of Success on the Merits

Plaintiff seeks extraordinary relief based on disputed factual assertions and a limited record. Whether Plaintiff owns valid protectable rights, the scope of any protectable expression, and whether the accused designs are substantially similar in legally protectable respects are fact-intensive issues unsuitable for resolution on an expedited preliminary-injunction record.

The supplemental evidence further underscores why emergency merits relief is unwarranted. Defendant's products were created, published, and sold in August 2023—well

before Plaintiff sought copyright registration or emergency relief. Jiang Decl. ¶¶ 3 – 7. Plaintiff's lengthy delay undermines any claim that extraordinary equitable relief is justified.

At this stage, Plaintiff has not made the clear showing of likely success required under Reilly.

### B. Plaintiff Cannot Show Likely, Imminent Irreparable Harm

Irreparable harm is Plaintiff's central failure. A preliminary injunction is forward-looking and exists to prevent future injury, not to remedy past conduct.

Here, Defendant's unrebutted evidence establishes that the accused products are not currently available for purchase through Defendant's independent storefronts. Jiang Decl. ¶¶ 13 – 14. Where the challenged conduct has ceased and there is no evidence of imminent recurrence, irreparable harm cannot be shown.

Plaintiff's reliance on PayPal account restrictions does not change this analysis. Those restrictions arise from PayPal's independent reserve and compliance mechanisms, not from ongoing sales or alleged infringement. Id. ¶¶ 15 – 22.

Because Plaintiff fails the irreparable-harm gateway requirement, the Court must deny preliminary injunctive relief.

### C. The Balance of Equities Weighs Against a Preliminary Injunction

Plaintiff faces no ongoing harm from products that are not available for purchase. By contrast, continued injunctive relief would impose substantial and unnecessary burdens on Defendant, whose business operations have already been effectively halted due to third-party payment restrictions.

Equity does not support extraordinary relief where it would serve no preventive purpose.

### D. The Public Interest Does Not Support Extraordinary Relief

The public interest favors the careful and restrained use of extraordinary equitable remedies. Issuing a preliminary injunction where there is no conduct left to enjoin would expand injunctive relief beyond its proper function and contravene governing precedent.

## VI. CONCLUSION

Plaintiff bears the burden of making a clear showing of likelihood of success and imminent irreparable harm. *Reilly*, 858 F.3d at 179. On the expanded record before the Court, Plaintiff has failed to satisfy either gateway requirement.

Accordingly, Defendant respectfully requests that the Court deny Plaintiff's Motion for Preliminary Injunction (ECF No. 41), decline to extend or convert the temporary restraining order into a preliminary injunction, and permit the TRO to expire by its terms.

Dated: January 9, 2026

*Marjorie Ouyang*

_____

Marjorie Ouyang

Attorney for Defendant