IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIE TANG,<br><br>                Plaintiff,<br><br>    v.<br><br>LONGYAN BLUE WHALE INFORMATION TECHNOLOGY CO., LTD, d/b/a EMILYMA LIMITED, TAPATHER, GIFTYHUBS, NEXTSUSS LIMITED, and TAPATHER.COM,<br><br>                Defendants. | Civil Case No.: 2:25-cv-01850 |

**PLAINTIFF JIE TANG'S ANSWER TO DEFENDANT LONGYAN BLUE WHALE INFORMATION TECHNOLOGY CO LTD'S COUNTERCLAIMS**

Plaintiff/Counter Defendant Jie Tang responds to the Counterclaim by Longyan Blue Whale Information Technology Co., Ltd as follows:

Plaintiff Jie Tang is a former employee of Counterclaim Plaintiff Longyan Blue Whale Information Technology Co., Ltd. (" Counterclaim Plaintiff ") and is now a direct competitor operating in the same product market.

**RESPONSE:** Tang denies the allegations of this paragraph.

Following the end of the employment relationship, Plaintiff and Counterclaim Plaintiff became involved in business disputes concerning competing products and commercial interests. Within the past year, those disputes resulted in litigation in China, in which Plaintiff did not prevail.

**RESPONSE:** Tang denies the allegations of this paragraph.

On December 18, 2025, Plaintiff initiated this action in the United States and sought emergency and *Ex Parte* relief, including a temporary restraining order, which resulted in restrictions being placed on Counterclaim Plaintiff's PayPal account and caused immediate disruption to Counterclaim Plaintiff's business operations.

**RESPONSE:** Tang admits that he initiated this action in the United States and sought emergency and *Ex Parte* relief, including a temporary restraining order. Tang lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph that relate to any parties, and therefore denies those allegations.

Counterclaim Plaintiff had created, published, advertised, and sold the accused product designs as early as August 2023, months before Plaintiff obtained any U.S. copyright registration for the images at issue.

**RESPONSE:** Tang lacks knowledge and/or information sufficient to form a belief

as to the truth of the allegations in this paragraph that relate to any parties, and therefore denies those allegations.

Upon information and belief, Plaintiff is using belated copyright registrations and the threat of U.S. litigation not to protect legitimate intellectual property rights, but to retaliate against a former employer and disrupt a competitor's lawful business operations.

**RESPONSE:** Tang denies the allegations of this paragraph.

### FIRST COUNTERCLAIM
*Tortious Interference with Existing and Prospective Business Relations*
*(Under Pennsylvania Law)*

1. Counterclaim Plaintiff operates a lawful e-commerce business that sells products to customers in the United States, including customers and commercial contacts in Pennsylvania, through online marketplaces and payment processors.

**RESPONSE:** Tang lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations in this paragraph that relate to any parties, and therefore denies those allegations.

2. Counterclaim Plaintiff has valid and existing contractual and prospective business relationships with, inter alia, (i) customers located in the United States,

including Pennsylvania; (ii) online marketplaces; (iii) payment processors, including PayPal; and (iv) shipping and logistics providers that conduct business in or through Pennsylvania.

**RESPONSE:** Tang lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations in this paragraph that relate to any parties, and therefore denies those allegations.

3. Plaintiff had actual knowledge of these relationships, including that Counterclaim Plaintiff relies on third-party marketplaces and payment processors to conduct U.S. commerce.

**RESPONSE:** Tang denies the allegations of this paragraph.

4. Plaintiff intentionally and improperly interfered with Counterclaim Plaintiff's U.S. business relations by, among other things: (i) filing the current action without a reasonable factual or legal basis for copyright infringement; (ii) obtaining or seeking ex parte asset restraints, account freezes, and storefront takedowns based on conclusory allegations; (iii) sending notices and legal demands to online marketplaces and payment processors falsely asserting that Counterclaim Plaintiff was engaged in copyright infringement; and (iv) leveraging the threat of prolonged litigation and frozen assets to coerce settlement.

**RESPONSE:** Tang denies the allegations of this paragraph.

5. Plaintiff's conduct was improper because it was undertaken: (i) without sufficient investigation into the accused products; (ii) without proof of copying or substantial similarity; and (iii) in reckless disregard of Counterclaim Plaintiff's lawful rights. Plaintiff's conduct was not privileged or justified under Pennsylvania law and was undertaken for the improper purpose of disrupting a competitor's business rather than protecting any legitimate intellectual property interest.

**RESPONSE:** Tang denies the allegations of this paragraph.

6. As a direct and proximate result of Plaintiff's improper interference, Counterclaim Plaintiff has suffered damages, including, among other things: (i) lost sales and profits; (ii) disruption of customer and marketplace relationships; (iii) frozen or restricted funds, including restrictions placed on Counterclaim Plaintiff's PayPal account; (iv) damage to business reputation and goodwill; and (v) increased operational and legal costs.

**RESPONSE:** Tang denies the allegations of this paragraph.

7. Plaintiff's actions were purposeful, malicious, and in conscious disregard

of Counterclaim Plaintiff's rights, entitling Counterclaim Plaintiff to compensatory damages and, where permitted under Pennsylvania law, punitive damages.

**RESPONSE:** Tang denies the allegations of this paragraph.

## SECOND COUNTERCLAIM
*Declaratory Judgment of Non-Infringement (28 U.S.C. §§2201–2202)*

8. Counterclaim Plaintiff repeats and realleges all preceding allegations.

**RESPONSE:** Tang denies the allegations of this paragraph.

9. An actual, immediate, and justiciable controversy exists between the parties concerning whether Counterclaim Plaintiff's products infringe any valid copyright owned by Plaintiff, because Plaintiff has initiated this action, accused Counterclaim Plaintiff of copyright infringement, and sought emergency and ex parte relief.

**RESPONSE:** Tang denies the allegations of this paragraph.

10. Plaintiff has accused Counterclaim Plaintiff of copyright infringement and has sought coercive relief, including injunctive relief, asset restraints, and emergency orders, which have resulted in restrictions being placed on Counterclaim Plaintiff's payment processing accounts and caused immediate harm to Counterclaim Plaintiff's business operations.

**RESPONSE:** Tang admits that he has accused Counterclaim Plaintiff of copyright infringement and has sought injunctive relief, asset restraints, and emergency orders. Tang denies the remaining allegations in this paragraph.

11.     Counterclaim Plaintiff denies that it has infringed any valid copyright held by Plaintiff.

RESPONSE: Tang admits the allegations of this paragraph.

12.     Counterclaim Plaintiff further denies: (i) that Plaintiff owns a valid and enforceable copyright covering the accused products; (ii) that Counterclaim Plaintiff copied any protectable expression; and (iii) that the accused products are substantially similar to any protected elements of Plaintiff's works.

**RESPONSE:** Tang lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations in this paragraph that relate to any parties, and therefore denies those allegations.

13.     Counterclaim Plaintiff's products were independently created and/or do not incorporate protectable elements of Plaintiff's alleged works.

**RESPONSE:** Tang lacks knowledge and/or information sufficient to form a belief

as to the truth of the allegations in this paragraph that relate to any parties, and therefore denies those allegations.

14. A declaratory judgment will serve a useful and practical purpose by: (i) clarifying the parties' legal rights; (ii) resolving the immediate uncertainty created by Plaintiff's infringement accusations and emergency enforcement efforts; (iii) restoring Counterclaim Plaintiff's ability to conduct lawful business operations without the threat of further account restrictions or takedowns; and (iv) preventing Plaintiff from continuing to weaponize copyright accusations against a former employer and competitor.

**RESPONSE:** Tang denies the allegations of this paragraph as they pertain to Tang. Tang lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations in this paragraph that relate to any parties, and therefore denies those allegations.

15. Counterclaim Plaintiff seeks a declaration that it has not infringed, is not infringing, and will not infringe any valid copyright owned by Plaintiff.

**RESPONSE:** Tang lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations in this paragraph that relate to any parties, and therefore denies those allegations.

WHEREFORE, Defendant respectfully requests that the Court:

1. Dismiss the Complaint in its entirety with prejudice;

2. Enter judgment in favor of Defendant and against Plaintiff on all claims;

3. Award Defendant its costs and such other relief as the Court deems just and proper.

**RESPONSE:** Tang denies that Longyan Blue Whale Information Technology Co., Ltd is entitled to any relief requested by the Counterclaims or any other relief.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, and without altering any applicable burdens, Jie Tang alleges that Counterclaim Plaintiffs' counterclaims are barred, in whole, or in part, as follows:

### FIRST AFFIRMATIVE DEFENSE
### Validity of Copyright

1. Jie Tang's copyright is valid, enforceable, and properly registered with the United States Copyright Office. Counterclaim Defendant is the sole and rightful owner of the asserted copyrights, and Counterclaim Plaintiff's allegations to the contrary are without merit.

## SECOND AFFIRMATIVE DEFENSE
### Failure to Mitigate Damages

2. Counterclaim Plaintiff is barred from obtaining relief due to its own inequitable conduct, including, but not limited to, the unauthorized reproduction, distribution, and sale of products that infringe Jie Tang's copyrights.

## THIRD AFFIRMATIVE DEFENSE
### Unclean Hands

3. Counterclaim Plaintiff failed to take reasonable steps to mitigate any alleged damages they claim to have suffered. Any harm they experienced was due to their own business practices or decisions.

## FOURTH AFFIRMATIVE DEFENSE
### Good Faith Conduct

4. Counterclaim Defendant has acted in good faith at all times in enforcing its valid intellectual property rights and in protecting its business interests. Any alleged harm suffered by Counterclaim Plaintiffs is the result of their own conduct and cannot be attributed to Jie Tang.

## FIFTH AFFIRMATIVE DEFENSE
### No Unfair Competition

5. Counterclaim Defendant's actions to enforce its copyrights are lawful and consistent with its rights under the Copyright Act and other applicable laws.

## ADDITIONAL DEFENSES

6.     Jie Tang reserves the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

## DEMAND FOR JURY TRIAL

Jie Tang requests a trial by jury all issues so triable.


Date: January 21, 2026                                   Respectfully submitted,


                                                                                    _____/s/ Zheng "Andy" Liu_____
                                                                                    Zheng "Andy" Liu (CBN 279327)
                                                                                    Aptum Law
                                                                                    1660 S Amphlett Blvd Suite 315
                                                                                    San Mateo, CA 94402
                                                                                    Email: Andy.Liu@AptumLaw.us
                                                                                    Phone: 650-475-6289

                                                                                    *Attorneys for Plaintiff*