IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIE TANG, <br>       Plaintiff, <br> v. <br> LONGYAN BLUE WHALE INFORMATION TECHNOLOGY CO., LTD., d/b/a EMILYMA LIMITED, TAPATHER, GIFTY HUBS, NEXTSUSS LIMITED, and TAPATHER.COM, <br>       Defendant. | Case No. 2:25-cv-01850-CCW <br><br> Honorable Judge Christy Criswell Wiegand <br><br> Complaint Filed: December 1, 2025 |

**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

1. **Identification of counsel and unrepresented parties**. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

   **Counsel for Plaintiff:**
   Zheng Liu
   Aptum Law
   1660 S Amphlett Blvd Suite 315
   San Mateo, CA 94402
   650-475-6289
   Andy.Liu@AptumLaw.us

   **Counsel for Defendant:**
   Marjorie Ouyang, Esq. (SBN 314334)
   Valley & Summit Law
   One Park Plaza, Suite 600
   Irvine, CA 92614
   (949) 342 8013
   marjorie.ouyang@valleysummitlaw.com

   All parties that have appeared in this action are represented by counsel.

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):

   Plaintiff's Statement:
   Plaintiff asserts a single copyright infringement claim against Defendant Chinese Reseller over two different designs: a Campbell Stadium Design and a Campbell Stadium Design.

|  |  |
|---|---|
| Plaintiff's Campbell Stadium Design | Plaintiff's Beaver Stadium Design |

Defendant's Statement:
Defendant denies Plaintiff's allegations and contends that Defendant independently created, published, and sold the products at issue prior to any alleged conduct by Plaintiff. Defendant further contends that Plaintiff cannot establish copying or access and disputes Plaintiff's claims of infringement, liability, and entitlement to relief.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The Rule 26(f) Conference was conducted by telephone between counsel for the parties. Plaintiff was represented by Zheng Liu, Esq., and Defendant was represented by Marjorie Ouyang, Esq. All parties that have appeared in the action participated in the conference.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**: (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

The Initial Rule 16 Scheduling Conference is scheduled for February 5, 2026, at 9:00 a.m., by telephone, as ordered by the Court.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   **Plaintiff's Statement:**
   Plaintiff anticipates filing a Rule 12 motion for judgement on the pleadings. Because Defendant's "Tortious Interference with Existing and Prospective Business Relations" counterclaims is essentially a malicious prosecution claim, which cannot be asserted until Defendant obtains a judgment in its favor.

   **Defendant's Statement:**
   Defendant anticipates that dispositive motions pursuant to Federal Rule of Civil Procedure 12 and/or Rule 56 may be filed following the completion of discovery, subject to further evaluation of the pleadings and evidentiary record.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The parties have discussed the possibility of alternative dispute resolution and are amenable to participating in ADR at an appropriate stage of the proceedings.

   **Plaintiff's Statement:**
   Plaintiff would like to initiate ADR or a settlement conference as early as possible. Because all parties have essentially showed all their evidence at the preliminary injunction hearing. Defendant, in particular, has produced all allegedly invalidated prior art against the copyright. The case is thus ripe for settlement.

   **Defendant's Statement:**
   Defendant anticipates that any ADR process, if pursued, would be completed after the exchange of initial discovery.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**:

   No such changes have been proposed, nor are any changes anticipated at this time. The

parties agree to provide such information through the normal course of discovery upon request. The parties consent to service of Rule 26(a) disclosures and discovery by electronic means in accordance with Fed. R. Civ. P. 5.

8. **Subjects on which fact discovery may be needed**.  (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

    **Plaintiff's Statement:**

    Fact discovery may include the follow subject matters: Defendant's alleged prior art of a similar design; Defendant's sales history and revenue of the accused products; and whether Defendant's infringement was willful.

    **Defendant's Statement:**

    Fact discovery may include, but is not limited to, the following subjects: The creation, publication, and sale of the products at issue; The parties' respective business operations related to the alleged products; Plaintiff's claims of infringement and damages; Defendant's defenses, including lack of copying and lack of access; Communications relevant to the claims and defenses in this action.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery.  In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below.  The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed.  If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date.  Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

    a.  Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:
    Initial disclosures will be exchanged within fourteen (14) days after entry of the Scheduling Order.
    b.  Date by which any additional parties shall be joined:
    The parties do not presently anticipate the joinder of additional parties.
    c.  Date by which the pleadings shall be amended:
    The parties do not presently anticipate amendments to the pleadings but reserve their rights under the Federal Rules of Civil Procedure.
    d.  Date by which fact discovery should be completed:

    **Plaintiff's Statement:**

    Fact discovery shall be completed within **seven months** after entry of the Scheduling Order. This is because during the first round of discovery, Defendant has produce dozens of objection-only responses, and have not response to Plaintiff's meet and confer requests.

  **Defendant's Statement:**
    Fact discovery shall be completed within three (3) months after entry of the Scheduling Order.

  **e.** **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**
    The parties do not propose phased discovery at this time.

  **f.** **Date by which plaintiff's expert reports should be filed:**
    One month after completion of fact discovery.

  **g.** **Date by which depositions of plaintiff's expert(s) should be completed:**
    Two month after completion of fact discovery.

  **h.** **Date by which defendant's expert reports should be filed:**
    To be determined by the Court.

  **i.** **Date by which depositions of defendant's expert(s) should be completed:**
    To be determined by the Court.

  **j.** **Date by which third party expert's reports should be filed:**
    None anticipated at this time.

  **k.** **Date by which depositions of third party's expert(s) should be completed:**
    None anticipated at this time.

10. If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

 The parties do not propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules at this time.

11. Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

  **a.** **ESI.** Is either party seeking the discovery of ESI in this case?
    ☑Yes  ☐ No [If "No," skip to sub-part (e) below.]

**b.** **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

☑ The parties have discussed ESI issues and agree that no formal ESI discovery plan is necessary at this time.
☐ Have developed an ESI discovery plan (as attached).
☐ Will have an ESI discovery plan completed by
☐ NOTE: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.

**c.** **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
☐ Yes    ☑ No

**d.** **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
☐ Yes    ☑ No

**e.** **Clawback Agreement**. The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

☑ Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.
☐ Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
☐ Are unable to agree on appropriate non-waiver language.

**f.** **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
☐ Yes    ☑ No

**g.** **Other**. Identify all outstanding disputes concerning any ESI issues:
_____
_____
_____

**12.** Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post- Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

    **a.**    **Settlement and/or transfer to an ADR procedure;**
The parties will be prepared to discuss settlement and/or transfer to an ADR procedure.

    **b.**    **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**
The parties will be prepared to discuss dates for expert reports and expert discovery, if any, at the Post-Discovery Status Conference.

    **c.**    **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**
The parties will be prepared to discuss proposed deadlines for dispositive motions pursuant to Federal Rule of Civil Procedure 56.

    **d.**    **Dates by which parties' pre-trial statements should be filed;**
The parties will be prepared to discuss deadlines for pre-trial statements.

    **e.**    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**
The parties will be prepared to discuss deadlines for motions in limine and Daubert motions.

    **f.**    **Dates on which motions *in limine* and *Daubert* motions shall be heard;**
To be determined by the Court.

    **g.**    **Dates proposed for final pre-trial conference;**
To be determined by the Court.

    **h.**    **Presumptive and final trial dates.**
To be determined by the Court.

**13.** Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

The parties do not anticipate the need for any additional orders pursuant to Federal Rule of Civil Procedure 16(b) or 26(c) at this time.

**14.** Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

N/A

**15.** If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

The parties have not agreed to participate in the Court's Expedited Civil Litigation Program.

**16.** Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

The parties have considered the possibility of settlement and agree that alternative dispute resolution may be appropriate after the exchange of initial discovery.

January 29, 2026                                          Respectfully submitted,

**Counsel for Plaintiff:**                               **Counsel for Defendant:**
/s/ *Zheng Liu*                                          /s/ *Marjorie Ouyang*
Zheng Liu                                                Marjorie Ouyang, Esq. (SBN 314334)
Aptum Law                                                Valley & Summit Law
1660 S Amphlett Blvd Suite 315                           One Park Plaza, Suite 600
San Mateo, CA 94402                                      Irvine, CA 92614
650-475-6289                                             Tel: (949) 342 8013
Andy.Liu@AptumLaw.us                                     marjorie.ouyang@valleysummitlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, January 29, 2026, a true and correct copy of the foregoing document was filed on the Court's CM/ECF system and will be served upon all counsel of record.

Respectfully Submitted,

/s/ *Zheng Liu*
Zheng Liu
