UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jie Tang | ) |
| | ) |
| | ) |
| v.        Plaintiff(s), | ) Civil Action No. 25-cv-1850-CCW |
| | ) |
| Longyan Blue Whale Information Technology Co. Ltd. | ) |
| | ) |
| Defendant(s). | ) |

**STIPULATION SELECTING ADR PROCESS**

Counsel report that they have met and conferred regarding Alternative Dispute Resolution (ADR) and have reached the following stipulation pursuant to L.R. 16.2 and the Court's ADR Policies and Procedures.

**I. PROCESS**
Select one of the following processes:

    __X__ Mediation
    _____ Early Neutral Evaluation (ENE)
    _____ Court sponsored Binding[1] Arbitration
    _____ Court sponsored Non-binding Arbitration
    _____ Other (please identify process and provider) _____
    _____

**If you are utilizing a private ADR process, such as the American Arbitration Association, be advised that the case is still governed by the Court's ADR Policies and Procedures. It is the responsibility of counsel to ensure that all of the proper forms are timely submitted and filed, as required by Policies and Procedures.**

**II. COSTS**

The parties have agreed to share the ADR costs as follows (do not complete percentages for Court sponsored arbitration. For that process, costs are paid by the Court in accordance with 28 USC §658.):
    __50__ % by Plaintiff(s)
    __50__ % by Defendant(s)
    _____ % by Third Party Defendant(s)

If a dispute arises as to compensation and costs for the mediator/neutral evaluator/private arbitrator, the Court will set reasonable compensation and costs.

---

[1] For binding arbitration, please complete form "Stipulation to Binding Arbitration" located on the Court's website at www.pawd.uscourts.gov

**Plaintiff's statement:**
<span style="color:red">Plaintiff complied with the Judge's standing order re ADR stipulation and has proposed at least one mediator specialized in mediating copyright disputes. See attached.</span>

<span style="color:red">Defendant, however, insists that no mediation should take place until at a later time.</span>

## III. NEUTRAL

<span style="color:red">It is thus incorrect for defendant to assert that "The parties prefer the mediation to be held after hearing for Motion to Dissolve Preliminary Injunction."</span>

The parties hereby designate by agreement the following individual to serve as a Neutral in the above-styled action:

**Defendant's statement:**

Name of Neutral: The parties are finalizing the mediators.
Address of Neutral: _____
Telephone & FAX Numbers: _____

**Defendant's statement:**

Email address of Neutral: _____

**Date of ADR Session:**

The parties prefer the mediation to be held after hearing for Motion to Dissolve Preliminary Injunction

The parties represent that they have contacted the selected prospective neutral and have determined that the neutral is available to conduct the ADR session within the time prescribed by the Court's Policies and Procedures and that the neutral does not have a conflict.

## IV. PARTICIPANTS

Name and title of the individual(s) who will be attending the mediation or early neutral evaluation session, **in addition to counsel**, in accordance with **Section 2.7 (Attendance at Session)** of the Court's ADR Policies and Procedures:

Zheng Liu  
Attorney for Plaintiff(s)

Jie Tang  
Plaintiff(s)

_____  
Corporate Representative  
(Name and Title)

Marjorie Mingzi Ouyang  
Attorney for Defendant(s)

Zhiyu Jiang  
Defendant(s)

_____  
Corporate Representative  
(Name and Title)

_____  
Attorney for Third Party Defendant(s)

Third Party Defendant(s)

_____  
Corporate Representative  
(Name and Title)

If there is insufficient space to list all parties who will be attending the session, please add additional sheets as necessary.

Each party certifies that the representative(s) attending the ADR session on its behalf has full and complete settlement authority, **as specified in sub-section (A)(1-3) of the above section of the Court's ADR Policies and Procedures.**

V.  ACKNOWLEDGMENT

    We, the undersigned parties to this action, declare that this stipulation is both consensual and mutual.

Dated: 2/2/2026     /s/ Zheng Liu
_____
Attorney for Plaintiff(s)

Dated: 2/2/2026     /s/ Marjorie Ouyang
_____
Attorney for Defendant(s)

Rev. 4/2017



Andy Liu <bjliuzheng@gmail.com>

## ADR Stipulation for Tang v. Schedule A Defendants, 25-cv-1850

**Marjorie OY** <mo618@georgetown.edu>    Mon, Feb 2, 2026 at 6:04 PM
To: "Liu, Zheng" <bjliuzheng@gmail.com>
Cc: Marjorie Ouyang <marjorie.ouyang@valleysummitlaw.com>, Thomas Huang <thomas.huang@valleysummitlaw.com>, "Andy.Liu@AptumLaw.us" <Andy.Liu@aptumlaw.us>

I don't think we can make a decision on the mediator today.

You can let the Court know that we have several candidates and will make a final decision. We also prefer to do meditation after the Court rules on our motion to dissolve.

I think if you include everything in the ADR stip, it will be compliant.

Best regards,
Marjorie

> On Mon, Feb 2, 2026 at 6:15 PM Liu, Zheng <bjliuzheng@gmail.com> wrote:
>> Marjorie,
>>
>> Please let us know asap whether Defendant will file the ADR stipulation; we will have to inform the Court either way.
>>
>> On Mon, Feb 2, 2026 at 3:33 PM Liu, Zheng <bjliuzheng@gmail.com> wrote:
>>> Per CCW's rule, "The parties **must** also file a fully completed stipulation selecting ADR process prior to the conference."
>>>
>>> Please see https://www.pawd.uscourts.gov/sites/pawd/files/Wiegand_Practices_Procedures_2024.pdf
>>
>> I agree with the cost issue. Please propose something else asap. She's not "our" mediator' we worked with her as defendants in other cases. she knows the copyright stuff.

demands.

2. **Initial Case Management Conference**

An initial case management conference will ordinarily be held within thirty (30) days of the filing of answers by all defendants or disposition of a motion pursuant to Fed. R. Civ. P. 12. Lead trial counsel are required to participate in the conference.

Prior to the conference, the parties must meet and confer and file their report pursuant to Fed. R. Civ. P. 26(f), the form of which is set forth in "Appendix LCvR 16.1A" to the Local Civil Rules. The parties must also file a fully completed stipulation selecting ADR process prior to the conference. The Court will strike non-compliant ADR stipulations.

Counsel shall confer with their clients on all issues prior to the conference and be prepared to discuss the substance of the case. The Court will issue a case management order at or after the conference.

> On Mon, Feb 2, 2026 at 3:30 PM Marjorie Ouyang <marjorie.ouyang@valleysummitlaw.com> wrote:
>> Counsel,

We agreed to ADR but not with this specific mediator. We have other choices. She is really expensive. We also do not agree to the proposed mediation dates. I suggest that you put Mediator TBD.

Best,

On Mon, Feb 2, 2026 at 3:12 PM Liu, Zheng <bjliuzheng@gmail.com> wrote:
> Please see the attached ADR stip.



Zheng "Andy" Liu
Attorney / **Aptum Law**

A: 1660 South Amphlett Blvd., Suite 315, San Mateo, CA 94402
P:   (650) 475-6289
E: Andy.Liu@aptumlaw.us    W: www.aptumlaw.us

On Mon, Feb 2, 2026 at 10:22 AM Danielle Crane <Danielle_Crane@pawd.uscourts.gov> wrote:

> Good afternoon,
>
> The ADR Stipulation for the above case was due on January 29, 2026. Please file it as soon as possible.  This is also a friendly reminder that your position letters are due today.
>
> Best regards,
>
> *Danielle Crane*
>
> Paralegal to Hon. Christy Criswell Wiegand
>
> United States District Court
>
> Western District of Pennsylvania
>
> Danielle_Crane@pawd.uscourts.gov
>
> 412-208-7524

--
**Marjorie Ouyang | Founding Partner**
(949) 342 8013 Direct
marjorie.ouyang@valleysummitlaw.com

One Park Plaza, Irvine, CA 92614

