IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIE TANG, <br><br> Plaintiff, <br><br> v. <br><br> EMILYMA LIMITED d/b/a TAPATHER/GIFTY HUBS, NEXTSUSS LIMITED d/b/a TAPATHER.COM, <br><br> Defendants. | 2:25-CV-01850-CCW |

## CASE MANAGEMENT ORDER

IT IS ORDERED that compliance with the provisions of Local Rule 16.1.B shall occur as follows:

1. The parties shall exchange initial disclosures required by Rule 26(a)(1) on or before **February 19, 2026**.

2. The parties shall file any motion to add new parties on or before **April 6, 2026**. The parties shall file any motion to amend the pleadings on or before **April 6, 2026**.

3. 3. The parties shall file an ADR Stipulation identifying the neutral who will conduct the ADR session and the date certain on which the ADR session will occur on or before **February 12, 2026**. The ADR shall take place on or before **April 6, 2026**.

4. The parties shall complete all fact discovery on or before **July 6, 2026**. All interrogatories, notices of deposition, requests for admission and requests for production **shall be served within sufficient time to allow responses to be completed and served prior to the close of discovery and within sufficient time to allow the completion of depositions prior to the close of discovery**.

5. Additionally, the discovery deadline will be extended only by leave of court for good cause shown, and upon motion filed prior to the date on which discovery closes. The motion shall state the reason(s) for the requested extension and shall enumerate with specificity any previous extensions of discovery. The filing of a motion to dismiss or other dispositive motion generally will not stay discovery. Likewise, participation in an ADR process will not stay discovery.

6. Counsel must confer on discovery disputes prior to seeking the Court's intervention, and must follow the procedures set forth in the Court's Practices and Procedures (*see* webpage at https://www.pawd.uscourts.gov/sites/pawd/files/Wiegand_Practices_Procedures_2024.pdf). If counsel for the parties cannot resolve the dispute, the parties must contact the Court to set up a conference in an effort to resolve the matter, rather than filing a formal discovery motion. For discovery disputes that arise during a deposition, the attorneys together may contact the Court to resolve the matter.

Any dispute not resolved shall be presented by motion in accordance with the Court's Practices and Procedures. For discovery motions (or any other type of motion), **no briefing schedule will issue**. Discovery motions shall include copies of only those pertinent portions of depositions, interrogatories, requests for admission and responses, *et cetera*, that are relevant to disposition of the motion.

7. The provisions of Local Rule 16.1.D, regarding procedures governing the inadvertent disclosure of privileged or trial preparation material, are hereby incorporated into this Order, as if fully restated herein.

8. A separate order addressing the timing and procedures for dispositive motions will issue after the close of discovery.

9.  A telephonic Post-Discovery Status Conference is scheduled for **July 13, 2026 at 9:00 a.m.** Participants are directed to use the dial-in information provided at ECF. No. 16. Prior to that conference, the parties shall meet and confer regarding settlement of the case. In all jury cases[1], three (3) business days prior to any scheduled conference (initial case management conference, post discovery status conference, settlement or pretrial conference) each party shall submit a confidential position letter of five (5) pages or less to Judge Wiegand's chambers. Any such position papers in this case are due on or before **July 8, 2026**. To ensure candor, the position letters are not to be filed or shared with opposing counsel, but rather, are the be emailed to chambers at wiegand_chambers@pawd.uscourts.gov. All position letters will be kept confidential.

The position letter shall include:

(a) A brief recitation of the most salient facts in the case;

(b) A forthright discussion of your party's strengths and weaknesses, including your party's likelihood of prevailing on each claim or defense and a description of the issues remaining in dispute;

(c) An estimate of the cost and time to be expended for trial;

(d) The relief you are seeking; and

(e) Your party's settlement posture, including present demands and offers and history of past settlement discussions, offers, and demands.

10. Lead trial counsel shall participate in the post-discovery status conference. Parties must participate or be available by telephone. Prior to the post-discovery status conference, the parties must meet and confer regarding the settlement of the case, whether each party intends to file a motion for summary judgment, and if so, on what claims.

---

[1] Position letters should not be submitted in non-jury cases before Judge Wiegand.

DATED this 5th day of February, 2026.

                                        BY THE COURT:


                                      <u>/s/ Christy Criswell Wiegand</u>
                                      CHRISTY CRISWELL WIEGAND
                                      United States District Judge


cc (via ECF email notification):
All Counsel of Record